UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID ZAITZEFF,

                Plaintiff,

v.

CITY OF SEATTLE,

                Defendant,

CASE NO. C18-0646-MAT

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Plaintiff David Zaitzeff proceeds pro se in this 42 U.S.C. § 1983 civil rights matter brought against defendant City of Seattle. Plaintiff raises a constitutional challenge to Seattle Municipal Code (SMC) provisions associated with the use and possession of weapons in public places. (Dkt. 7, ¶¶ 79-80.) The City of Seattle now moves for summary judgment. (Dkts. 14 & 19.) Plaintiff opposes the motion. (Dkts. 16 & 20.) The Court, having reviewed the motion, all filings submitted in response and reply, and the remainder of the record, finds defendant's motion for summary judgment should be GRANTED and this case DISMISSED.

## BACKGROUND

Prior to the current matter, plaintiff twice brought lawsuits in this Court against the City of Seattle and associated with his desire to carry and/or wear various weapons, including a sword

ORDER
PAGE - 1

called a "katana," in public. (*See* Dkt. 15, ¶1 and Dkts. 1 & 7.) The Court dismissed both cases for lack of standing given that none of the laws addressed in the lawsuits had been enforced against plaintiff and he could not plead an actual, imminent, or impending injury. *See Zaitzeff v. City of Seattle*, No. 16-0244-BAT (Dkts. 42-43 (dismissal without prejudice), *aff'd* Dkt. 47 (Ninth Circuit Court of Appeals Cause No. 16-35955)), and No. 17-0184-MJP (Dkts. 52-53 (dismissal with prejudice). In the second case, the Court rejected an attempt to utilize events occurring in August and November 2017, after the filing of the February 2017 lawsuit, to provide for standing. *See id.*

Plaintiff filed his current complaint on May 3, 2018. (Dkt. 1.) The filing followed a May 2, 2018 incident at Greenlake Park in which Seattle police officers seized plaintiff's katana and issued a Park Trespass Warning/Exclusion pursuant to SMC 12A.14.080. (Dkt. 15, Ex. 1.) Under that provision, it "is unlawful for a person to . . . [k]nowingly carry concealed or unconcealed on such person any dangerous knife, or carry concealed on such person any deadly weapon other than a firearm[.]" SMC 12A.14.080(B).

The City of Seattle prosecuted plaintiff for violation of SMC 12A.14.080(B) in Seattle Municipal Court Case Number 637319. (Dkt. 15, ¶3 and Ex. 1 at 1.) In those proceedings, plaintiff brought a motion to dismiss the charges brought against him due to the as-applied unconstitutionality of SMC 12A.14.080. (*Id.*, Ex. 2.) He argued the statute was unconstitutional under the Second Amendment to the U.S. Constitution. The municipal court denied the motion to dismiss, concluding the statute does not violate the Second Amendment. (*Id.*, Ex. 3 and Ex. 4 at 10.) On January 2, 2019, the municipal court issued a final judgment and sentence, finding plaintiff guilty of the unlawful use of weapons under SMC 12A.14.080(B) and issuing a suspended sentence of 364 days in jail and a $5000.00 fine. (*Id.*, Ex. 5.) The conditions of the sentence include, *inter alia*, that plaintiff possess no weapons and forfeit weapons, with the forfeiture of his

sword stayed pending appeal. (*Id*. at 2.) Plaintiff appealed and King County Superior Court affirmed on August 19, 2019. *See Seattle v. Zaitzeff*, No. 19-1-02010-1 (found at https://dja-prd-ecexap1.kingcounty.gov). Plaintiff filed a notice of discretionary review with the Washington Court of Appeals on September 6, 2019 and that matter remains pending. *See* Cause No. 804367 (found at https://dw.courts.wa.gov).

In his Amended Complaint, plaintiff describes both the May 2, 2018 incident and prior events. (Dkt. 7.) In February 2017, plaintiff informed a Seattle police officer of his desire to bring a katana and "spring-assisted opening knife" to festivals or fairs in the city and was told he might receive a criminal citation if he did so. (*Id*., ¶¶11-19.) In August 2017, plaintiff was stopped by Seattle police officers while wearing his katana and alleges he was told he would be arrested if he did so again. (*Id*., ¶¶20-27.) In November 2017, Seattle police officers seized plaintiff's katana. (*Id*., ¶¶32-34.)

Plaintiff states he frequently goes to Seattle for festivals, fairs, and a wide variety of other purposes and intends to continue that practice. (*Id*., ¶¶5-8, 40.) He asserts prior injuries he sustained in attacks and assaults made upon him "are less likely to have occurred but for the Seattle law which forbids [him] from carrying his katana or other similar weapons." (*Id*., ¶42.) He expresses his desire "to possess and carry nearly all the weapons which are prohibited by SMC 12A.14.080 and [.]083" (*id*., ¶54), with the "exception of slungshot or sand club," which may not be possessed or carried pursuant to SMC 12A.14.080(A).

Plaintiff seeks an order finding SMC 12.14.080, described above, and SMC 12.14.083 unconstitutional as to the weapons he desires to carry and forbidding seizure of his weapons. (*Id*., ¶79.)[1] SMC 12.14.083 states at subpart (A): "It is unlawful to knowingly carry or shoot any spring

---

[1] Plaintiff's Amended Complaint and responsive memorandum discusses Revised Code of Washington (RCW) 9.41.250, a provision identifying as a gross misdemeanor, *inter alia*, the possession of

ORDER
PAGE - 3

gun, air gun, sling or slingshot in, upon or onto any public place." Plaintiff also seeks an order finding the May 2018 parks trespass warning/exclusion notice void and actions taken against him invalid; the return of his katanas and an apology; compensation associated with replacement of his katanas; an order forbidding further weapons legislation for fifteen years without the consent of the court and instructing defendant to consult with him in creating any new legislation; and $5.5 million dollars in damages. (*Id*., ¶¶79-80.)

The City of Seattle asserts its entitlement to summary judgment in relation to SMC 12A.14.080 based on the principles of collateral estoppel and res judicata. (*See* Dkts. 14 & 19.) It argues plaintiff lacks standing to bring a challenge to SMC 12A.14.083. (*See* Dkt. 19 at 7-8.) Plaintiff asserts the finding of the Seattle Municipal Court is not binding on this court and that the court must consider the constitutional question raised de novo. (*See* Dkts. 7 & 20.) He otherwise rejects any bars to his suit or challenge to his standing. (*Id*.)

DISCUSSION

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the district court "there is an absence of evidence to support the

---

"any instrument or weapon of the kind usually known as slung shot, sand club, or metal knuckles, or spring blade knife" and "[f]urtively carr[ying] with intent to conceal any dagger, dirk, pistol, or other dangerous weapon." However, plaintiff challenges the enforcement of and specifically seeks relief only in relation to SMC 12A.14.080 and .083. (*See* Dkt. 7 at 8-9, 18-19 and Dkt. 20 at 1.) He also names only the City of Seattle as defendant. The State of Washington is not a party. The Court, as such, does not find plaintiff's Amended Complaint to identify a viable defendant or to otherwise state a claim regarding RCW 9.41.250 and does not address any arguments raised in relation to that statute.

ORDER
PAGE - 4

nonmoving party's case." *Id*. at 325. The moving party can carry this burden by producing affirmative evidence negating an essential element of the nonmovant's case, or by establishing the nonmovant lacks the quantum of evidence needed to satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* at 585-87.

In supporting a factual position, a party must "cit[e] to particular parts of materials in the record . . .; or show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 585. "[T]he requirement is that there be no *genuine* issue of material fact. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). A mere scintilla of evidence does not suffice to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor can the nonmoving party rely on allegations in the complaint or unsupported conjecture or conclusory statements. *Hernandez v.*

*Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

A. <u>SMC 12A.14.080</u>

The City of Seattle seeks dismissal of plaintiff's challenge to SMC 12A.14.080 under the doctrines of res judicata and collateral estoppel. The Court, for the reasons set forth below, agrees plaintiff's SMC 12A.14.080 claim is barred.

A federal action is governed by preclusion law. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). Pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must "'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Id.* (quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)). "'This statute has long been understood to encompass the doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion.'" *Gupta v. Thai Airways Int'l, LTD*, 487 F.3d 759, 765 (9th Cir. 2007) (quoting *San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336 (2005)).

With claim preclusion, successive litigation of a claim is foreclosed by a final judgment, whether or not the same issues are raised in the attempted relitigation. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Id.* (quoting *New Hampshire*, 532 U.S. at 748-49). In precluding relitigation of matters a party has had a full and fair opportunity to litigate, the preclusion doctrines "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). In determining the preclusive

effect of a state court judgment, a federal court must look to the preclusion laws of that state. *Gupta*, 487 F.3d at 765 (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

Pursuant to Washington law, res judicata "prohibits the relitigation of claims and issues that were litigated, or could have been litigated, in a prior action." *Pederson v. Potter*, 103 Wn. App. 62, 11 P.3d 833, 835 (2000) (citing *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 887 P.2d 898, 900 (1995) (en banc)). It means "'a plaintiff is not allowed to recast his claim under a different theory and sue again. . . . All issues which might have been raised and determined are precluded.'" *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995) (quoting *Shoemaker v. Bremerton*, 109 Wn.2d 504, 745 P.2d 858, 860 (1987) (en banc)). Specifically, res judicata bars a subsequent action where the prior judgment is a final judgment on the merits, and the prior and subsequent actions have identical (1) persons and parties, (2) causes of action, (3) subject matter, and (4) quality of persons for or against whom the claim is made. *Pederson*, 11 P.3d at 835. *See also Afoa v. Port of Seattle*, 191 Wn.2d 110, 421 P.3d 903, 914 (2018) (citing *Loveridge*, 125 Wn.2d at 763). In considering whether two actions are identical, Washington courts consider:

> "(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."

*Rains v. State*, 100 Wn.2d 660, 674 P.2d 165, 168 (1983) (en banc) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

Application of collateral estoppel under Washington law requires proof of the following:

> (1) the issue in the prior and current action is identical, (2) the prior action ended in a final judgment on the merits, (3) the party against

>whom collateral estoppel is asserted was a party or in privity with a party to the prior action, and (4) the application of collateral estoppel would not work an injustice.

*Afoa*, 421 P.3d at 914 (citing *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 326, 96 P.3d 957 (2004)). Collateral estoppel "prevents a party from relitigating issues that have been raised and litigated by the party in a prior proceeding." *Clark v. Baines*, 150 Wn.2d 905, 84 P.3d 245, 249 (2004). All four of the above-described elements must be satisfied for collateral estoppel to apply. *Id.*

This case involves the same issue addressed in the municipal court proceeding, that is, whether SMC 12A.14.080 violates the Second Amendment, an issue that was resolved against plaintiff, followed by a final judgment finding plaintiff guilty. The mere fact the municipal court decision is pending appeal does not alter the finality of the judgment or otherwise preclude application of either collateral estoppel or res judicata. *City of Des Moines v. Personal Property Identified as $81,231 in U.S. Currency*, 87 Wash. App. 689, 943 P.2d 669, 702-03 (1997); *Lejeune v. Clallam Cy.*, 64 Wash. App. 257, 266, 823 P.2d 1144 (1992). Plaintiff was a party to the prior action and application of collateral estoppel would not work an injustice given that plaintiff was provided and took the opportunity to litigate the issue in municipal court. Plaintiff's current claim that SMC 12A.14.080 violates the Second Amendment is therefore barred by collateral estoppel.

Res judicata also applies. This matter involves the same parties as in the municipal court proceeding and the same rights and facts. As in the motion to dismiss the criminal charge, plaintiff here alleges the City of Seattle implicated his rights under the Second Amendment through his prosecution and the confiscation of his katana. Given the serious nature of a criminal proceeding, it is reasonable to assume plaintiff would present substantially the same evidence in this civil action as he did in municipal court. Plaintiff's criminal conviction, following rejection of his motion to

dismiss the criminal charge, would necessarily be impaired by a second action raising the same constitutional claim in this court as raised in the motion to dismiss. Plaintiff's challenge to SMC 12A.14.080 is, accordingly, barred by res judicata. *See, e.g., Ewing v. Superior Court of Cal.*, 90 F. Supp. 3d 1067, 1075-77 (S.D. Cal. 2015) (section 1983 claims alleging violation of First and Fourteenth Amendment rights barred by res judicata where plaintiff had previously litigated and lost a motion to dismiss a criminal complaint in state court arguing his communications were protected under the First Amendment). *See also Hutcherson v. Lehtin*, 485 F.2d 567, 568-69 (9th Cir. 1973) ("Appellants cannot subsequently raise the same constitutional issue in a separate action in federal court involving the same parties, even though it is brought as a civil rights action, after an adverse determination by a state court. The principles of res judicata preclude such a course of action, leaving appellants to their state appellate remedies.")

Plaintiff's action faces an additional bar through *Heck v. Humphrey*, 512 U.S. 477 (1994). A civil rights complaint under 42 U.S.C. § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). The § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff here seeks damages and other relief in this § 1983 civil rights matter raising a constitutional challenge to SMC 12A.14.080. It is undisputed that, while currently on appeal, his conviction for violation of that provision has not been invalidated or impugned in any respect. A ruling in this Court in plaintiff's favor would necessarily invalidate his conviction. Plaintiff's claim is therefore not cognizable under § 1983 and subject to dismissal under *Heck*. *See, e.g., Ewing*, 90 F. Supp. 3d at 1073-78 (plaintiff's § 1983 claims barred by res judicata, collateral estoppel, and the *Heck* doctrine). *See also Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (noting a claim barred by *Heck* may be dismissed sua sponte).

The Court, finally, finds no merit to plaintiff's argument the municipal court ruling does not serve as a bar to a broader challenge to SMC 12A.14.080 beyond a sword/katana and that "each weapon must be evaluated individually." (Dkt. 20 at 5.) Here, as in municipal court, plaintiff argues SMC 12A.14.080 violates the Second Amendment. A ruling from this Court on that same question, as applied to any of the weapons at issue in SMC 12A.14.080, is precluded by collateral estoppel, res judicata, and *Heck* for the reasons discussed above.

B.  SMC 12A.14.083

The City of Seattle argues plaintiff's challenge to SMC 12A.14.083 should be dismissed based on a lack of standing. (Dkt. 19.) The Court agrees.

Article III of the U.S. Constitution limits federal courts to "adjudicating actual 'cases' or 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). The requirement for a plaintiff to have standing is a core component of a valid case or controversy. *Id.*; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum of standing" requires satisfaction of three elements: injury in fact, causation, and a likelihood a favorable decision will redress the injury. *Lujan*, 504 U.S. at 560-61. A plaintiff satisfies those elements by showing:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). The requirement of "imminence" ensures an alleged injury "is not too speculative for Article III purposes – that the injury is '*certainly* impending[.]'" *Lujan*, 504 U.S. at 564 n.2 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); some quotation marks omitted). An allegation of "possible future injury" does not suffice. *Whitmore*, 495 U.S. at 158. The party seeking to invoke federal jurisdiction bears the burden of establishing standing. *Lujan*, 504 U.S. at 561.

SMC 12A.14.083(A) proscribes carrying or shooting a spring gun, air gun, sling or slingshot in a public place. Plaintiff's amended complaint addresses incidents associated with a katana or similar items accounted for in SMC 12A.14.080. (*See* Dkt. 7, ¶¶ 5-36.) It does not identify any incident associated with a weapon listed in SMC 12A.14.083. There is, in other words, no allegation SMC 12A.14.083 has been enforced against plaintiff. Plaintiff's claim challenging this provision is therefore, as in his prior lawsuits, properly characterized as a "preenforcement challenge." Such a challenge requires satisfaction of the three elements of standing: injury in fact, causation, and redressability.

To establish an injury in fact in the context of a preenforcement challenge to a criminal statute, a plaintiff must demonstrate "'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). While "an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging" a law on

constitutional grounds, *id*. at 158, "neither the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000).

In evaluating the genuineness of an alleged threat of prosecution, a court looks to "whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute." *Thomas*, 220 F.3d at 1139 (citing *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126-27 (9th Cir. 1996)). A concrete plan "requires something more than a hypothetical intent to violate the law." *Id*. "A general intent to violate a statute at some unknown date in the future does not rise to the level of an articulated, concrete plan." *Id*. Also, the "threat of enforcement must at least be 'credible,' not simply 'imaginary or speculative.'" *Id.* at 1140. *Accord United Farm Workers*, 442 U.S. at 298 (credible threat of prosecution cannot rest on "'imaginary or speculative'" fears) (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)).

In his Amended Complaint, plaintiff avers his intention to come to Seattle and his desire "to possess and carry nearly all the weapons" prohibited by both SMC 12A.14.080 and .083. (Dkt. 7, ¶54.) In response to defendant's motion, plaintiff asserts he "has possessed and will surely possess in the future nunchucks, throwing stars, airsoft pistols and kubotan which may well fall within the definition of metal knuckles," has "at times lived in, worked in and engaged in walks and other recreation in the city of Seattle, at times with such weapons on him[,]" and intends in the future to wear, possess, and/or carry an airsoft pistol, nunchucks and kubotan in public in Seattle. (Dkt. 20 at 4, 13.) He reasons that, having prosecuted him for wearing a katana, the City of Seattle would necessarily be willing to prosecute him in relation to other weapons, giving rise

to a credible risk of injury. (*See id*.)

Plaintiff does not demonstrate a credible threat of prosecution in relation to SMC 12A.04.083. His allegations and arguments reflect that he has been warned about wearing or carrying a sword/katana and spring-assisted opening knife and, on two occasions, faced consequences when he did so; including confiscation of his katana in one instance and confiscation and a criminal citation in another instance. He provides no such facts in relation to the weapons at issue in SMC 12A.04.083. In fact, while asserting his past and future ownership of at least one SMC 12A.04.083 weapon, an airsoft pistol, plaintiff suggests he does not currently possess any such weapons. He also concedes he has on prior occasions possessed and/or carried an airsoft pistol in Seattle without receiving a warning or facing any consequences.

Plaintiff, at best, sets forth facts associated with SMC 12A.04.080 to support an injury in fact in relation to SMC 12A.04.083. The Court finds this insufficient to show an actual, imminent, or certainly impending injury associated with SMC 12A.04.083. Plaintiff sets forth a generalized threat of prosecution based on the existence of a criminal code provision and his intention to violate that provision at some unidentified and uncertain point in the future. This mere possibility of future injury does not establish a credible threat of prosecution. *See, e.g.*, *San Diego County Gun Rights Comm.*, 98 F.3d at 1127-28 (mere assertion plaintiffs "wish[ed] and intend[ed]" to engage in prohibited activities, without specifying any particular time or date on which they intended to do so, did not amount to a concrete plan or otherwise support the actual or imminent injury required for standing; plaintiffs conceded they had not been specifically threatened and did not identify even a general threat of prosecution; finding establishment of "at most a possibility of their eventual prosecution . . . clearly insufficient to establish a 'case or controversy.'"); *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 550-51 (10th Cir. 2016) (plaintiff based threat of

prosecution under statute prohibiting possession of large-capacity magazines (LCMs), despite exception for individuals who already possessed them, on assertion the LCMs she already possessed would "'*[e]ventually*'" wear out and "it would be '*possible*'" to lose them; finding "[s]uch 'some day' speculations" insufficient to establish an injury-in-fact). *Cf. Sturgeon v. Masica*, 768 F.3d 1066, 1071-72 (9th Cir. 2014) (plaintiff satisfied injury-in-fact requirement when he intended to use a hovercraft in a preserve where a regulation prohibited such use, contacted relevant agencies regarding the applicability and enforcement of the regulation to that intended use, received a verbal warning from the agencies not to use the hovercraft, and the agencies indicated the hovercraft would be removed and plaintiff might be subject to criminal liability if he operated a hovercraft in the preserve), *vacated and remanded on other grounds sub nom. Sturgeon v. Frost*, ___ U.S. ___, 136 S. Ct. 1061, 194 L. Ed. 2d 108 (2016).

Plaintiff, in sum, does not demonstrate an injury in fact in relation to SMC 12A.04.083. The Court thus finds an absence of standing to bring a claim relating to that provision in this Court.

## CONCLUSION

The City of Seattle's Motion for Summary Judgment (Dkt. 14; *see also* Dkt. 19) is GRANTED and this matter is DISMISSED for the reasons set forth above. The dismissal is with prejudice as to the claim challenging SMC 12A.14.080 and without prejudice as to SMC 12A.14.083.

DATED this 26th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 14